## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JACOB B. HOWALD,**

      **Petitioner,**                **CASE NO. 2:09-CV-00487**
                                    **JUDGE GREGORY L. FROST**
**v.**                                **Magistrate Judge E.A. Preston Deavers**

**EDWARD T. SHELDON, WARDEN,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the instant petition, Respondent's return of writ, Petitioner's traverse and the exhibits of the parties.

## FACTS and PROCEDURAL HISTORY

The Ohio Third District Court of Appeals summarized the facts and procedural history of this case as follows:

> On March 29, 2007, the Union County Grand Jury indicted Howald on the following offenses: count one, burglary, a violation of R.C. 2911.12(A)(2), a felony of the second degree; count two, theft from an elderly person, a violation of R.C. 2913.02(A)(1), (B)(3), a felony of the fourth degree; and count three, receiving stolen property, a violation of R.C. 2913.51(A), (C), a felony of the fifth degree. Each count also contained a specification, charging Howald with using a specified motor vehicle in any manner to facilitate each offense. Howald pled not guilty at arraignment.

> On April 10, 2007, the state filed a bill of particulars. On May 15, 2007, Howald filed proposed jury instructions, and on May 21, 2007, the state filed a motion to amend the bill of particulars and its proposed jury instructions, which included instructions on complicity. A jury trial was held on May 23, 2007, with the jury finding Howald guilty of each offense as charged in the indictment. Proceeding immediately to sentencing, the trial court determined that the charges of theft from an elderly person and receiving stolen

> property were allied offenses of similar import, and the state elected to retain the charge of theft from an elderly person. The court sentenced Howald to an aggregate sentence of seven years in prison; six years on count one consecutive to twelve months on count two. The court also ordered Howald to pay a fine, the costs of prosecution, and restitution to the victim.

*State v. Howald,* No. 14-07-25, 2007 WL 4091276, *1 (Ohio App. 3rd Dist. Nov. 19, 2007).

Petitioner filed a timely appeal, in which he asserted the following assignments of error:

> 1.    The trial court erred when it gave jury instructions on complicity when Appellant had been indicted straight up for burglary, theft from an elderly person and receiving stolen property, thereby prejudicing Appellant., [sic] requiring his convictions be reversed.
>
> 2.    The trial court erred when it imposed consecutive sentences.

*See id.* On November 1, 2007, the appellate court affirmed the trial court's judgment. *Id.* Petitioner did not file a timely appeal to the Ohio Supreme Court. On February 11, 2008, he filed a motion for delayed appeal with the Ohio Supreme Court. *Exhibits 12, 13 to Return of Writ.* On March 26, 2008, the Ohio Supreme Court denied Petitioner's motion for delayed appeal. *State v. Howald*, 117 Ohio St.3d 1437 (2008). "On May 20, 2008 Howald filed a petition for post-conviction relief. In his petition, Howald argued that he was denied effective assistance of counsel and that the indictment against him was faulty. The trial court overruled Howald's petition on May 23, 2008." *State v. Howald,* No. 14-08-23, 2008 WL 4615792, *1 (Ohio App. 3rd Dist. Oct. 20, 2008). Again, Petitioner timely appealed. He asserted the following assignment of error:

> THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR POST CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING.

*See id.* On October 20, 2008, the appellate court affirmed the trial court's judgment. *Id.* On April

2

8, 2009, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Howald*, 121 Ohio St.3d 1439 (2009).

On June 12, 2009, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

1.   The trial court erred when it gave jury instructions on complicity when Petitioner had been indicted straight up for burglary, theft from an elderly person, and receiving stolen property, thereby prejudicing Petitioner, requiring his conviction to be reversed.

2.   The trial court erred when it imposed consecutive sentences on Petitioner.

3.   Petitioner was denied the effective assistance of counsel as guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and Article I, Section 10 of the Ohio Constitution when counsel failed to conference with Petitioner regarding jury instruction, amendment to the bill of particulars, and addition of exhibits two days prior to trial.

4.   The trial court committed error by trying Petitioner on crimes as they were presented on a faulty indictment.  Petitioner claims that his indictment failed to charge a *mens rea* element of the crime for which he was tried.

5.   The Petitioner is a layman at law, and his petition for post conviction relief is filed in *pro se.*  In the present case if the petition is not in conformance, or untimely, the Petitioner has attached Exhibits for the Court to consider, and allow him to have his Petition entertained pursuant to O.R.C. § 2953.23.

6.   The trial court erred when it overruled Petitioner's motion for post conviction relief without conducting an evidentiary hearing.

It is the position of the Respondent that Petitioner's claims are procedurally defaulted or without

3

merit.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration.  28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless,* 459 U.S. 4, 6 (1982) ( *per curiam* ); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If he can no longer present his claims to a state court, he has waived them for federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, the Court considers the following to determine whether a federal habeas claim is precluded due to the Petitioner's failure to observe a state procedural rule: "First, the court must determine that there is a state procedural rule that is applicable to the Petitioner's claim and that the petitioner failed to comply with the rule." *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, the Court must determine whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court determines that the petitioner failed to comply with an adequate and independent state procedural rule, Petitioner must demonstrate cause for his failure to

4

follow the State's procedural rule as well as actual prejudice from the alleged constitutional error. *Id.*

## CLAIMS ONE THROUGH FOUR

In claim one, Petitioner asserts that he was denied a fair trial because the trial court issued erroneous jury instructions.  In claim two, Petitioner asserts that the trial court improperly imposed consecutive terms of incarceration.  Petitioner properly raised these claims on direct appeal; however, he thereafter failed to file a timely appeal to the Ohio Supreme Court.  Further, the Ohio Supreme Court denied his motion for delayed appeal.  The United States Court of Appeals for the Sixth Circuit has held that a petitioner in these circumstances has thereby waived these claims for federal habeas corpus review.  *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004).  Therefore, this Court is bound to reach the same conclusion here.

In claim three, Petitioner asserts that he was denied the effective assistance of counsel.  In claim four, Petitioner asserts that he was charged with a faulty indictment.  These claims, being readily apparent from the face of the record, should have been raised on direct appeal, but were not.  Further, Petitioner may now no longer present these claims to the state courts under Ohio's doctrine of *res judicata. State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967).[1]

Ohio's *res judicata* rule is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must

---

[1]  Petitioner first attempted to present claims three and four to the state courts in his delayed post conviction petition; however, the state courts refused to address the merits of his claims as untimely and barred under Ohio's doctrine of res judicata.  *State v. Howald*,  2008 WL 4615792.

rely in no part on federal law. See *Coleman v. Thompson,* 501 U.S. 722, 732-33 (1991). To be

"adequate," the state procedural rule must be firmly established and regularly followed by the state

courts. *Ford v. Georgia,* 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed

state practice' may be interposed by a State to prevent subsequent review by this Court of a federal

constitutional claim." *Id.* at 423 (quoting *James v. Kentucky,* 466 U.S. 341, 348-351 (1984)). *See*

*also Barr v. City of Columbia,* 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers,* 377

U.S. 288, 297 (1964); *see also Jamison v. Collins,* 100 F.Supp.2d 521, 561 (S.D. Ohio 1998).  The

Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an

adequate ground for denying federal habeas relief. *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th

Cir.2006); *Coleman v. Mitchell,* 268 F.3d 417, 427-29 (6th Cir.2001); *Seymour v. Walker,* 224 F.3d

542, 555 (6th Cir.2000); *Byrd v. Collins,* 209 F.3d 486, 521-22 (6th Cir.2000); *Norris v. Schotten,*

146 F.3d 314, 332 (6th Cir.1998). The doctrine of *res judicata* is stated in unmistakable terms in

countless Ohio decisions, and Ohio courts have consistently refused, in reliance on that doctrine, to

review the merits of habeas claims. *See State v. Cole,* 2 Ohio St.3d 112*; State v. Ishmail,* 67 Ohio

St.2d 16.  Further, the doctrine of *res judicata* serves the state's interest in finality and in ensuring

that claims are adjudicated at the earliest possible opportunity. With respect to the independence

prong, the Court concludes that the procedural rule of *res judicata* does not rely on or otherwise

implicate federal law.  Therefore, Petitioner has waived claims three and four for federal habeas

corpus review.

Petitioner may still obtain review of his claims on the merits if he establishes cause for his

procedural default, as well as actual prejudice from the alleged constitutional violations.

> " 'Cause' under the cause and prejudice test must be something
> external to the petitioner, something that cannot fairly be attributed

> to him [;] ... some objective factor *external* to the defense [that]
> impeded ... efforts to comply with the State's procedural rule."
> *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115
> L.Ed.2d 640 (1991).

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003). Petitioner has failed to meet this standard here.

Nothing in the record indicates that any external factor impeded Petitioner's ability to file a direct

appeal regarding ineffective assistance of counsel or matters related to the indictment. The fact that

*res judicata* now bars his claims, therefore, is attributable only to him.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an

extraordinary case, where a constitutional violation has probably resulted in the conviction of one

who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley,* 505 U.S.

333.

> [I]f a habeas petitioner "presents evidence of innocence so strong that
> a court cannot have confidence in the outcome of the trial unless the
> court is also satisfied that the trial was free of nonharmless
> constitutional error, the petitioner should be allowed to pass through
> the gateway and argue the merits of his underlying claims." *Schlup,*
> 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether
> "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to
> undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct.
> 851. To establish actual innocence, "a petitioner must show that it is
> more likely than not that no reasonable juror would have found
> petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct.
> 851. The Court has noted that "actual innocence means factual
> innocence, not mere legal insufficiency." *Bousley v. United States,*
> 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be
> credible, such a claim requires petitioner to support his allegations of
> constitutional error with new reliable evidence-whether it be
> exculpatory scientific evidence, trustworthy eyewitness accounts, or
> critical physical evidence-that was not presented at trial." *Schlup,* 513
> U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the
> actual innocence exception should "remain rare" and "only be
> applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones,* 395 F.3d 577, 589 (6th Cir.2005)(footnote omitted). Petitioner does not assert actual

innocence, and the record fails to reflect these circumstances here.

Because he has failed to establish cause and prejudice for his procedural default, Petitioner has waived claims one through four for federal habeas corpus review.

## CLAIMS FIVE AND SIX

In claim five, Petitioner requests habeas corpus review of his state post conviction petition. In claim six, petitioner asserts that the state courts improperly denied his post conviction petition without holding an evidentiary hearing. These claims fail to present issues appropriate for federal habeas corpus review. "[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007)(citing *Kirby v. Dutton,* 794 F.2d 245, 246-47 (6th Cir. 2002)).

> [C]laims challenging state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because " 'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.' " *Kirby,* 794 F.2d at 246 (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)).... A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not "result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention." *Kirby,* 794 F.2d at 247. "Though the ultimate goal in" a case alleging post-conviction error "is release from confinement, the result of habeas review of the specific issue[ ] ... is not in any way related to the confinement." *Id.* at 248 .... *see also Alley v. Bell,* 307 F.3d 380, 387 (6th Cir.2002) ("error committed during state post-conviction proceedings can not [sic] provide a basis for federal habeas relief" (citing *Kirby,* 794 F.2d at 247)); *Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir.2001) ("habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief").

*Id.* To the extent that Petitioner seeks review of those claims he raised in post conviction

Case: 2:09-cv-00487-GLF-EPD Doc #: 15 Filed: 01/10/11 Page: 9 of 10  PAGEID #: 529

proceedings, for the reasons discussed above, those claims are not appropriate for this Court to review under its habeas corpus jurisdiction.

WHEREUPON, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability

9

should issue.

                                      *s/ Elizabeth A. Preston Deavers*
                                      Elizabeth A. Preston Deavers
                                      United States Magistrate Judge

Date:   January 10, 2011